IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDSON ARNEAULT, *et al.*, :
:
Plaintiffs, :
: C. A. No. 16-989-LPS
v. :
:
DIAMONDHEAD CASINO CORPORATION, :
:
Defendant. :
_____

Fredrick B. Rosner, Scott J. Leonhardt, Jason A. Gibson, THE ROSNER LAW GROUP LLC, Wilmington, DE
Jeffrey A. Wurst, RUSKIN MOSCOU FALTISCHECK, P.C., Uniondale, NY

    Attorneys for Plaintiffs, Edson Arneault, *et al.*


Robert D. Goldberg, BIGGS & BATTAGLIA, Wilmington, DE
Deborah A. Vitale, Alexandria, VA

    Attorneys for Defendant, Diamondhead Casino Corporation


**MEMORANDUM OPINION**


September 26, 2017

/s/ Leonard P. Stark

Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court are Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.I. 6), and Plaintiffs' motion for leave to amend the complaint (D.I. 16).

**I.    BACKGROUND**

On October 25, 2016, Plaintiffs Edson R. Arneault, Kathleen and James Devlin, J. Steven Emerson, Steven Rothstein, and Barry Stark and Irene Stark (the "Individual Plaintiffs"), together with Emerson Partners and J. Steven Emerson Roth IRA (collectively, "Plaintiffs"), filed suit against Diamondhead Casino Corporation ("Defendant") to recover monies allegedly owed to Plaintiffs under certain Collaterized Convertible Senior Debentures.  (D.I. 1) (the "Complaint") Plaintiffs' alleged this Court had subject matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332(a).  (*Id.* at ¶ 1)

On November 21, 2016, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Plaintiffs' alleged failure to plead the citizenship of each plaintiff in a manner sufficient for this Court to determine if complete diversity exists.  (D.I. 6)  It is undisputed that Defendant is incorporated in Delaware and has its principal place of business in Virginia.  (D.I 7 at 2)

On February 17, 2017, Plaintiffs filed an Answering Brief in Opposition to Defendant's Motion to Dismiss.  (D.I. 10)  With that brief, Plaintiffs also filed five declarations of citizenship, one from each of: Edson R. Arneault (D.I. 12), James Devlin (D.I. 14),[1] J. Steven Emerson (D.I.

---

[1] James Devlin's declaration of citizenship also addresses the citizenship of his wife, Kathleen Devlin.  (D.I. 14)

1

13), Steven Rothstein (D.I. 15), and Barry Stark (D.I. 11).[2]  The declaration of J. Steven Emerson addresses his citizenship as an individual, as well as the citizenship of Emerson Partners and the J. Steven Emerson Roth IRA.  (D.I. 13) (the "Emerson Declaration")

On February 21, 2017, Plaintiffs filed a Motion for Leave to Amend the Complaint.  (D.I. 16)  Plaintiffs submitted a Proposed Amended Complaint, revising the pleadings related to the parties' citizenship.  (D.I. 17 Ex. A) (the "Amended Complaint")  Defendant agreed to consent to the filing of Plaintiffs' Proposed Amended Complaint but declined to withdraw its Motion to Dismiss.  (D.I. 17)  Defendant has not filed a Reply Brief in support of its Motion to Dismiss.

## II.  LEGAL STANDARDS

### A.  Motion for Leave to Amend

Pursuant to Fed. R. Civ. P. 15(a), "[a] party may amend its pleading once as a matter of course within . . . 21 days of service of a motion under Rule 12(b)."  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  The decision to grant or deny leave to amend lies within the discretion of the court.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The Third Circuit has adopted a liberal approach to the amendment of pleadings to "ensure[] that a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990).  Generally, then, leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant,

---

[2]Barry Stark's declaration of citizenship also addresses the citizenship of his wife, Irene Stark.  (D.I. 11)

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182; *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

### B. Motion to Dismiss

#### 1. Challenges to Subject Matter Jurisdiction

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim." *Samsung Elec. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008). A motion to dismiss for lack of subject matter jurisdiction may present either a facial attack or a factual attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); Fed. R. Civ. P. 12(b)(1). A facial attack "concerns an alleged pleading deficiency," while "a factual attack concerns the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites." *CNA*, 535 F.3d at 139 (internal quotation marks and brackets omitted).

Where, as here, the motion presents a facial challenge to the Court's jurisdiction, or one based purely on the sufficiency of the allegations in the complaint, the Court must accept well-pled factual allegations as true and may consider only the complaint and any documents referenced therein or attached thereto. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Affidavits and briefs in opposition do not fall in this category." *Id*. at 110.

#### 2. Pleading Diversity Jurisdiction

Federal Rule of Civil Procedure 8(a)(1) requires plaintiffs to provide "a short and plain statement of the grounds for the court's jurisdiction. The burden of establishing diversity jurisdiction rests with the party asserting its existence." *McCann v. Newman Irrevocable Tr.*,

458 F.3d 281, 286 (3d Cir. 2006). A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). For complete diversity to exist, no plaintiff may be a citizen of the same state as any defendant. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)

"A natural person is deemed to be a citizen of the state where she is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973).

"[A] partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli*, 592 F.3d at 419. To determine the citizenship of the unincorporated entity, citizenship "must be traced through however many layers of partners or members there may be." *Id.* at 420 (internal quotation marks omitted).

The citizenship of a "traditional" trust (i.e., one that lacks the capacity to sue and be sued) is based solely on the citizenship of the trustee. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1016 (2016) ("When a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued."). However, when the trust is an unincorporated entity sued in its organizational name, "it possesses the citizenship of all its members." *Id.* at 1016.

### III. DISCUSSION

### A. Plaintiffs' Motion for Leave to Amend

The Court finds no reason to deny Plaintiffs' Motion for Leave to Amend. There is no evidence of undue delay or bad faith on the part of Plaintiffs. Plaintiffs' Motion was made for a proper purpose, as the only revisions in the Proposed Amended Complaint relate to the citizenship of each of the Plaintiffs. Nor is there any evidence of prejudice to Defendant. Defendant has not opposed Plaintiffs' Motion, but rather agreed to consent to the filing of the Proposed Amended Complaint. Accordingly, the Court will grant Plaintiffs' Motion for Leave to Amend the Complaint, and the Proposed Amended Complaint will be deemed filed as of the date of the Court's Order.

### B. Defendant's Motion to Dismiss

Because the Court will grant Plaintiffs' Motion for Leave to Amend the Complaint, Defendant's initial Motion to Dismiss must be denied as moot. However, in view of the circumstances, the Court will consider the Amended Complaint in place of the Complaint for purposes of Defendant's Motion to Dismiss.

#### 1. Individual Plaintiffs

Plaintiffs' Amended Complaint properly pleads the citizenship of each of the Individual Plaintiffs. *See Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999) ("The plaintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed."). The Amended Complaint pleads that Edson R. Arneault is a citizen of West Virginia (D.I. 17 Ex. A ¶ 5), James and Kathleen Devlin are citizens of Florida (*id.* at ¶ 6), J. Steven Emerson is a citizen of California (*id.* at ¶ 7), Steven Rothstein is a citizen of New York (*id.* at ¶ 10), and Barry and Irene Stark are citizens of Florida (*id.* at ¶ 11).

Defendant is alleged to be a citizen of Delaware and Virginia. (*See id.* at 12)

Accordingly, all of the Individual Plaintiffs are diverse from Defendant. Therefore, Defendant's motion to dismiss must be denied with respect to the Individual Plaintiffs.

### 2. Emerson Partners

The Amended Complaint pleads that the individual partners of Emerson Partners are citizens of California and Colorado. (*Id.* at ¶ 8) When pleading the citizenship of an unincorporated association, it would "certainly" be sufficient to simply list the state of citizenship of each member of the association. *Lincoln Ben. Life Co.*, 800 F.3d at 107. However, the Amended Complaint fails to do so, as it does not provide the identity of each member. By not individually identifying each partner of Emerson Partners, the Amended Complaint, on its own, does not provide sufficient information to allow the Court to "trace [citizenship] through however many layers of partners or members there may be." *Zambelli*, 592 F.3d at 420 (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); *see also Underwood v. Maloney*, 256 F.2d 334, 338 (3d Cir. 1958) ("Indeed, in the complaints . . . there are not even averments of the respective citizenships of all the members of the [associations]").

It is true that the Emerson Declaration does identify the individual partners of the Emerson Partnership as David Dichner, the Brian Emerson 1993 Trust, the Brian Emerson 1997 Trust, Brian H. Emerson, and Alleghany Meadows. (D.I. 13 at ¶ 14) The Emerson Declaration further states that David Dichner is a citizen of California and is the sole trustee of the Brian Emerson 1993 Trust and Brian Emerson 1997 Trust. (*id.* at ¶¶ 17, 21) The Emerson Declaration further states that Brian H. Emerson is a citizen of California (*id.* at ¶¶ 18-20), and Alleghany Meadows is a citizen of Colorado (*id.* at ¶ 23).

However, given the procedural posture, the Court is not permitted to look to the Emerson Declaration in assessing the sufficiency of the diversity pleading in the Amended Complaint. *See Lincoln Ben. Life Co.*, 800 F.3d at 105. Therefore, the Court will grant Defendant's motion to dismiss with respect to Emerson Partners, although the Court will also grant Plaintiffs leave to file a Second Amended Complaint, in which they could incorporate as allegations the diversity contentions contained in the Emerson Declaration.

### 3. J. Steven Emerson Roth IRA

Defendant alleged that J. Steven Emerson Roth IRA is not a proper plaintiff based on the fact that the relevant debentures identify "Millenium Trust Company, LLC, Custodian FBO: J. Steven Emerson Roth IRA" as the Holder of the instruments. (D.I. 7 at 8-9; *see also* D.I. 1 Ex. E) At the time Defendant made this contention, there was "no allegation of anyone other than the named 'Holder' becoming a 'Recordholder.'" (D.I. 7 at 8 n.2)

The Amended Complaint pleads that prior to the commencement of this suit, Millenium Trust Company, LLC assigned and transferred all of its right, title, and interest in and to the J. Emerson Roth IRA to J. Steven Emerson. (D.I. 17 Ex. A at 2 n.1) The Emerson Declaration further clarifies that J. Steven Emerson is the sole assignee and beneficial holder of the Roth IRA and its assets, including the relevant debentures. (D.I. 13 at ¶¶ 10-11)

However, again, the Court is not permitted to look to the Emerson Declaration in assessing the sufficiency of the Amended Complaint. Therefore, the Court will grant Defendant's motion to dismiss with respect to J. Emerson Roth IRA, though again with leave for Plaintiffs to file a Second Amended Complaint, in which they could incorporate as allegations the contentions contained in the Emerson Declaration.

**IV.    CONCLUSION**

Based on the foregoing, the Court will grant Plaintiffs' motion for leave to amend and grant in part and deny in part Defendant's motion to dismiss.  The Court will also permit Plaintiffs to file a Second Amended Complaint.  It will also direct the parties to meet and confer and submit a proposed scheduling order.

An appropriate Order will be entered.