# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDSON R. ARNEAULT, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 16-989-LPS |
| | : | |
| DIAMONDHEAD CASINO CORPORATION., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **4th** day of **June, 2019**:

Pending before the Court is Plaintiffs Edson R. Arneault, Kathleen Devlin, James Devlin, J. Steven Emerson, Emerson Partners, J. Steven Emerson Roth IRA, Steven Rothstein, Barry Stark, and Irene Stark's (collectively, "Plaintiffs") Motion for Summary Judgment (D.I. 39) against Defendant DiamondHead Casino Corporation ("DiamondHead" or "Defendant") on Plaintiffs' cause of action for breach of the debenture agreement and Defendant's counterclaim for damage to Defendant as a result of Plaintiffs' breaches. Having reviewed the parties' briefs and accompanying declarations and exhibits (D.I. 40, 41, 42, 44, 45, 46) and having heard oral argument on April 2 (*see* D.I. 55), **IT IS HEREBY ORDERED** that Plaintiffs' motion is **DENIED** for the following reasons:

1. Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be

– or, alternatively, is – genuinely disputed must be supported either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

2. To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S.

2

317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

3. The Court **ADOPTS** Plaintiffs' Statement of Undisputed Material Facts (D.I. 41), which Defendant does not dispute. The following facts in this paragraph are pertinent and undisputed: The First Tranche Debentures and Second Tranche Debentures have the following identical notice provision:

> SECTION 7.3. Notice. ***Where this Debenture provides for notice of any event***, such notice shall be given (unless otherwise herein expressly provided) in writing and either (i) delivered personally, (ii) sent by certified, registered or express mail, postage prepaid or (iii) sent by facsimile or other electronic transmission, and shall be deemed given when so delivered personally, sent by facsimile or other electronic transmission (confirmed in writing) or mailed. ***Notices shall be addressed,*** if to Holder, to the address of Holder appearing in the Debenture register referred to in Section 7.1 or, ***if to the Company, to its principal office***. However, to the extent any notice required pursuant to this Debenture is also furnished to stockholders of the Company, the Company will furnish to Holder all such notices and materials as and when and in the same manner in which such notices and materials are furnished to its stockholders.

(D.I. 23-2 at 11, 22) (emphasis added) The debentures also have identical cure provisions, which provide Defendant with a cure period of 30 days "after there has been given to the Company by the Holder a written notice specifying such default and requiring it to be remedied." (*Id.* at 10, 21) On August 17, 2016, Jeffrey Wurst of Ruskin Moscou Faltis Chek P.C. (the

3

"Ruskin Firm") sent a letter on behalf of Plaintiffs to Defendant – addressed to the attention of Deborah Vitale, President, at 1866 Carpenter Road, Alexandria, Virginia 22314 (the "Carpenter Road address") – advising Defendant that it had failed to pay interest to Plaintiffs on March 1, 2016 as obligated under the debentures and notifying Defendant that "the outstanding principal plus all accrued and unpaid interest under each of their Debentures is now due and payable." (D.I. 42-5) (the "August 2016 Letter")  On February 12, 2018, a second notice of default was sent to Defendant, addressed to the attention of Deborah Vitale, President, at 1013 Princess Street, Alexandria, Virginia 22314 (the "Princess Street address") and at 1301 Seminole Boulevard, Largo, Florida 33770 (the "Largo address").[1]  Defendant remains in default of its obligation to make the March 1, 2016 interest payment and each payment thereafter.

    4.     The Court further finds, based on copious evidence, that Defendant's principal office address is the Princess Street address and that Plaintiffs were fully aware of Defendant's principal office address at the time that the August 2016 Letter was sent to the Carpenter Road address.  The cover pages of Defendants' public annual and quarterly reports filed with the U.S. Securities and Exchange Commission, which requires the filer to list the address of principal executive offices, lists the Princess Street address.  (*See* D.I. 44-4, 44-5)  The Private Placement Memorandum, Offering documents, and Offers to Amend also list the Princess Street address and no other address.  (*See* D.I. 44-6 at 32; D.I. 44-7 at 1)  The cover letters addressed to Plaintiffs that accompanied the April 20, 2015 interest payments were written on Defendant's

---

[1]Although one Form 8-K dated January 13, 2016 lists the Largo address (*see* D.I. 46-1), this does not raise a genuine issue of fact because the August 2016 Letter was not sent to the Largo address and because overwhelming evidence demonstrates that Plaintiffs and the Ruskin Firm had knowledge that Defendant's principal office address was the Princess Street address.

stationary listing the Princess Street address and no other address. Moreover, there is evidence that the Ruskin Firm, who sent the August 2016 Letter, had previous knowledge of Defendant's principal office address. (*See* D.I. 44 at 9-10) There is no genuine dispute that the Carpenter Road address is a private residence and was never used for business purposes. There is no evidence that makes Defendant's principal office address – or Plaintiffs' knowledge of it – genuine issues in dispute.

5. While Ms. Vitale admits that she eventually saw the August 2016 Letter sometime "after the thirty day cure period had come and gone," there is no evidence of when she received, opened, or read the August 2016 Letter – other than it being on some unspecified date – between August 17, 2016 and October 18, 2018 (the date of her declaration). (D.I. 44-3 at 5)

6. Defendant argues that Plaintiffs failed to satisfy material conditions precedent in the debentures in two ways: (1) "by wrongly accelerating the amount due by including principal as well as interest in their demand for payment," and (2) by failing to provide notice to Defendant at its principal office address with an opportunity to cure. (D.I. 44 at 13) The Court concludes that Plaintiffs have not breached the debentures by demanding payment of both interest and principal. Section 6.2 of the debentures provides that in the Event of Default, Plaintiffs "may declare the Debenture to be due and payable immediately" and demand payment of "the outstanding principal amount . . . plus all accrued and unpaid interest." (D.I. 23-2 at 9)

7. Having already determined that the Princess Street address is Defendant's only principal office address, the Court now concludes that Plaintiffs failed to literally comply with the notice provision in the debentures. This does not end the analysis because Delaware courts sometimes hold that substantial compliance with a contractual notice provision is appropriate in

order to avoid harsh results where the purpose of the notice requirements has otherwise been met. *See, e.g.*, *Gildor v. Optical Sols., Inc.*, 2006 WL 4782348, at *7-8 (Del. Ch. June 5, 2006). Substantial compliance is achieved when, "despite deviations from contract requirements, [the notice] provides the important and essential benefits of the contract." *Id.* at 8 (internal quotation marks omitted). Courts have found substantial compliance even when the notice contained the wrong address. *See, e.g.*, *Food Auth., Inc. v. Sweet & Savory Fine Foods, Inc.*, 2011 WL 477714, at *3 (E.D.N.Y. Feb. 4, 2011) (finding substantial compliance when notice was actually received even though it listed incorrect address); *Ray v. Metropolitan Life Ins. Co.*, 858 F. Supp. 626, 628 (S.D. Tex. 1994) (finding "receipt of the notice at the wrong address was substantial performance"). However, in those cases, actual notice had been achieved before the lawsuit was filed. Here, by contrast,there is a genuine issue of material fact regarding when Defendant actually received and read Plaintiffs' written notice (i.e., before or after the complaint was filed) and, therefore, whether Plaintiffs' August 2016 Letter can be found to constitute substantial compliance with Plaintiffs' notice obligations.

8. Moreover, as Delaware courts have recognized, filing a complaint is not itself adequate notice of an Event of Default, because "accepting this argument would effectively read the notice provision straight out of the [contract]." *U.S. Bank Nat'l Ass'n v. U.S. Timberlands Klamath Falls, L.L.C.*, 2004 WL 1699057, at *3 (Del. Ch. July 29, 2004) (granting defendant's motion to dismiss, because contract provisions "clearly evidence an intent that litigation be pursued only after notice and an opportunity to cure," so plaintiff "did not have authority to bring these claims when it did"). Accordingly, Plaintiffs' complaint does not qualify as notice

under the debentures.[2]

9. In the alternative, Plaintiffs argue that proper notice would have been futile, because "Defendant is without resources to pay its day-to-day expenses," as a result of its substantial debt and insolvency. (D.I. 45 at 5-6) "The contractual obligation to provide pre-suit notice and opportunity to cure may be excused where such notice would be futile in achieving its intended purpose. Our courts generally have recognized that the law does not require a futile act." *Cornell Glasgow, LLC v. LaGrange Props., LLC*, 2012 WL 6840625, at *13 (Del. Super. Ct. Dec. 7, 2012) (internal quotation marks omitted). The Court finds that there is a genuine issue of material fact as to whether notice before the complaint was filed would have been futile. While Plaintiffs set forth Defendant's "dire financial status" in their reply brief (D.I. 45 at 6-7), Defendant's Director, Gregory Harrison, attests that "notice to the Company would not have been futile" because he "was in a position to pay the interest due on the debentures [on behalf of the Company] and [he] would have done so." (D.I. 44-2 at 3) Mr. Harrison states that he actually "loaned and advanced the Company significant sums" in 2016, 2017, and 2018. (*Id.* at 3-4) While Defendant was certainly not a healthy company, the Court cannot say that no reasonable factfinder could find that Defendant could have and would have paid the interest due had it received actual notice of default before the lawsuit.

**IT IS FURTHER ORDERED** that, no later than **June 14, 2019**, the parties shall file a joint status report, indicating (in addition to anything else they wish to advise the Court) when the parties will be ready for trial, whether a jury is still demanded, and how many hours are

---

[2] Moreover, even if the February 2018 letter on its own complied with Plaintiffs' notice obligations, it was sent long after the lawsuit was filed.

requested for each side's trial presentation.

                                                                   _____
                                                                   HONORABLE LEONARD P. STARK
                                                                   UNITED STATES DISTRICT JUDGE